Wendell H. WENNER, Jr., Appellant,

v.

FARM CREDIT BANK OF ST. PAUL, f/k/a The Federal Land Bank of St. Paul, and d/b/a The Federal Land Bank Association of Mankato, a/k/a Farm Credit Services of Southern Minnesota,

Norwest Bank Mankato, N.A., and Peter T. Seitzer, et al., Respondents.

No. C0–93–628.

Court of Appeals of Minnesota.

Sept. 7, 1993.

Clark A. Tuttle III, Berens, Rodenberg & O'Connor, New Ulm, for Wendell H. Wenner, Jr., appellant.

Gary W. Koch, Gislason, Dosland, Hunter & Malecki, New Ulm, for Farm Credit Bank of St. Paul, f/k/a The Federal Land Bank of St. Paul, and d/b/a The Federal Land Bank Association of Mankato, a/k/a Farm Credit Services of Southern Minnesota, respondent.

Stephen P. Rolfsrud, Blethen, Gage & Krause, Mankato, for Norwest Bank Mankato, N.A., respondent.

Michael K. Riley, Sr., MacKenzie & Gustafson, Ltd., St. Peter, for Peter T. Seitzer, et al., respondents.

Considered and decided by HUSPENI, P.J., and KLAPHAKE and FLEMING,* JJ.

---

## OPINION

KLAPHAKE, Judge.

Wendell H. Wenner, Jr. challenges summary judgment in favor of respondents Farm Credit Bank of St. Paul (AgriBank), Norwest Bank Mankato (Norwest) and Peter T. Seitzer and Lyle J. Seitzer (the Seitzers), concluding that Wenner had no right of first refusal under Minn.Stat. § 500.24, subd. 6 (1986), arising from transfers of farmland between respondents. We affirm.

## FACTS

On June 16, 1981, Wenner executed a $350,000 note secured by a mortgage on farm property in favor of AgriBank. On June 10, 1982, and on May 8, 1984, Wenner executed subsequent mortgages on the farm property in favor of Norwest. Thereafter, Wenner defaulted on his mortgage payments.

On October 27, 1986, Wenner and his wife filed a Chapter 7 bankruptcy petition. The bankruptcy petition showed that they owed both Norwest and AgriBank $400,000, secured by mortgages on real property. The farm property was not listed as exempt property. On March 27, 1987, Mark C. Halverson, the bankruptcy trustee, conveyed the farm property to Norwest. The report of sale filed with the bankruptcy court states that the bankruptcy estate received $250 for the property.

On April 24, 1987, Norwest conveyed the property to AgriBank by quitclaim deed. On August 26, 1987, AgriBank conveyed the property to the Seitzers for $70,000. On July 9, 1992, Wenner filed his complaint against AgriBank, Norwest and the Seitzers (collectively "respondents"), seeking specific performance for the right to purchase the property, and damages in the amount of $50,000 for violation of his rights of first refusal under Minn.Stat. § 500.24 (1986). The district court entered summary judgment in respondents' favor, concluding that under the 1986 version of Minn.Stat. § 500.24, there was no right of first refusal where the land-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

owner was a bankruptcy estate. Wenner filed this appeal.

## ISSUE

Did the district court err in concluding that Minn.Stat. § 500.24, subd. 6(f) (Supp. 1987) could not be applied retroactively to transfers of farm property occurring before July 1, 1987, the amended statute's effective date?

## ANALYSIS

■ The district court correctly concluded that the 1987 amendment to Minn.Stat. § 500.24, subd. 6 did not provide Wenner a right of first refusal in the sale of his farm property because the conveyances from the trustee to Norwest and from Norwest to AgriBank occurred prior to July 1, 1987, when the 1986 version of section 500.24, subd. 6 was in effect. The 1986 version states:

> A state or federal agency or a corporation, other than a family farm corporation or an authorized farm corporation, when leasing or selling farm land or a farm homestead, must offer or make a good faith effort to offer land for sale or lease to the immediately preceding former owner at a price no higher than the highest price offered by a third party that is acceptable to the seller or lessor. * * * An offer to sell to the former owner is required only on the first occasion in which the property is sold. * * * *This subdivision does not apply if the former owner is a bankruptcy estate.*

Minn.Stat. § 500.24, subd. 6 (1986) (emphasis added). The amended 1987 version of section 500.24, subd. 6 states:

> (f) For purposes of this subdivision, if the immediately preceding former owner is a bankruptcy estate the debtor in the bankruptcy is the immediately preceding owner.

Minn.Stat. § 500.24, subd. 6(f) (Supp.1987). The 1986 version explicitly states that the right of first refusal does not exist where the former owner is a bankruptcy estate, whereas under the 1987 version, a debtor in bankruptcy retains the right of first refusal.

In *Carlson v. Lilyerd,* 449 N.W.2d 185, 192 (Minn.App.1989), *pet. for rev. denied* (Minn. Mar. 8, 1990), this court concluded that the amended section 500.24, subdivision 6 could not be applied retroactively because there was no clear evidence that the legislature intended retroactive application. This court refused to impose the formerly non-existent duty to offer rights of first refusal to the debtor which "constitut[ed] a substantive change in the statute." *Id.*

Here, the legislature clearly provided for a prospective application of the 1987 amendments to section 500.24. "This article is effective July 1, 1987, and applies to property with initial offers made under section 500.24, subdivision 6, after July 1, 1987." 1987 Minn.Laws ch. 396, art. 2, § 4; *see also* Minn.Stat. § 645.21 (1986) (strong presumption against the retroactive application of statutes). Therefore, the trustee's transfer of the property to Norwest and Norwest's subsequent transfer to AgriBank triggered no right of first refusal under the 1986 statute as both transfers occurred before July 1, 1987, the effective date of the 1987 amendments.

■ Wenner asserts that the right of first refusal accrued to him and his wife personally after the bankruptcy filing on October 27, 1986, and was not property of the bankruptcy estate under 11 U.S.C. § 541 (1986). Wenner cites *In re Solberg,* 125 B.R. 1010 (Bankr. D.Minn.1991), a case determining that where the right of first refusal accrues after the bankruptcy filing, it remains the debtor's and does not pass to the bankruptcy estate. *Id.* at 1021. In *Solberg,* the creditor foreclosed on the farm property on October 27, 1987, and on the last day of the redemption period, the owner filed his Chapter 7 petition. The owner did not claim the farmland as exempt property in the bankruptcy proceeding, nor did he attempt to redeem. The *Solberg* court noted that the owner's right of first refusal arose upon the expiration of the redemption period, when the purchaser at the sheriff's sale acquired full title under Minn.Stat. § 580.12. *Id.* at 1015. Because the right of first refusal arose after the bankruptcy filing, the right did not pass to the bankruptcy estate. *Id.* at 1021.

*Solberg* is distinguishable from this case on several grounds. *Solberg* involved a foreclosure of real estate which occurred after July 1, 1987, when section 500.24, subd. 6(f) provided debtors a right of first refusal. In this case, there was no pre-bankruptcy foreclosure or conveyance of property. Wenner filed for bankruptcy on October 27, 1986, before the trustee's March 27, 1987, transfer and Norwest's April 24, 1987, transfer. Furthermore, the first two transfers of the property occurred when the 1986 statute then in effect explicitly denied a bankruptcy estate the right of first refusal, whereas the *Solberg* court noted that the 1987 version of Minn. Stat. § 500.24, subd. 6 preserved the bankruptcy debtor's right of first refusal. *Id.* The *Solberg* holding does not apply to this case because it is based on the 1987 version of section 500.24, subd. 6, and because it is factually distinct. Accordingly, we affirm summary judgment for respondents as there is no material issue of fact and the district court properly applied the law. *See Niccum v. Hydra Tool Corp.*, 438 N.W.2d 96, 98 (Minn.1989).

Because we affirm the district court's decision that the 1987 amendments to Minn.Stat. § 500.24, subd. 6 do not retroactively provide Wenner a right of first refusal, we need not address his various arguments premised on the assumption that the 1987 amendments apply.

### DECISION

Pursuant to the 1986 version of Minn.Stat. § 500.24, subd. 6, the Wenners had no right of first refusal on March 24, 1987, when the bankruptcy trustee sold the property, and on April 24, 1987, when Norwest transferred the property to AgriBank. Although AgriBank's sale of the property to the Seitzers on November 23, 1987 occurred after the effective date of the 1987 amendments, those amendments cannot resurrect Wenner's right of first refusal because the 1987 amendment constituted a substantive change in the law. Therefore, summary judgment is affirmed.

**Affirmed.**